IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| KEVIN KENT HARMON, JR.,<br><br>Plaintiff,<br><br>v.<br><br>UINTAH BASIN MEDICAL CENTER, NORTHEASTERN COUNSELING CENTER, and JASON SCOTT BEALES.<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION TO STRIKE<br><br>Case No. 2:20-cv-00669-JNP-JCB<br><br>Chief District Judge Jill N. Parrish<br><br>Magistrate Judge Jared C. Bennett |

Defendants Utah Basin Medical Center and Jason Scott Beales (collectively "Defendants") bring a motion to strike the April 30, 2025 supplemental report of Sheryl Dobson-Wainwright and exclude her related testimony at trial under Fed. R. Civ. P. 37(c)(1). ECF No. 131 ("Defs.' Mot."); ECF No. 131-1 ("Dobson-Wainwright Supp. Report"). For the reasons below, Defendants' motion is DENIED.

## BACKGROUND

While Plaintiff Kevin Kent Harmon, Jr. ("Harmon") was being transported by his family from Uintah Basin Medical Center to University Neuropsychiatric Hospital, he leapt out of the car and suffered extensive injuries. ECF No. 122 ("Previous Mem. Decision and Order") at 2–3. He brought claims against Defendants under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395(dd), and state medical malpractice law for approving the transfer. *Id.* at 1. The case is currently scheduled to go to trial on January 7, 2026, with a final pre-trial conference currently scheduled for December 19, 2025. ECF No. 127.

One of the main issues in the case—which had been raised as early as the pleading stage—is whether Uintah Basin Medical Center had admitted Harmon for observation or for inpatient treatment. *Compare* ECF No. 2 ("Compl.") at 5 *with* ECF No. 13 (Defs.' Mot. to Dismiss) at 6–11. If, as Defendants contend, Harmon had been admitted for inpatient treatment, then the hospital would not face any liability under the EMTALA. Previous Mem. Decision and Order at 4–5. The court addressed this issue in its order denying Defendants' partial motion for summary judgment and found that there was a genuine factual dispute about Harmon's admission status. *Id.* at 5–8.

Following the court's summary judgment decision, Harmon disclosed the Dobson-Wainwright supplemental report in May 2025. Defs.' Mot. at 4. Ms. Dobson-Wainwright analyzed Uintah Basin Medical Center's documentation and opined that Harmon was admitted to the hospital for observation only and never received an inpatient admission. Dobson-Wainwright Supp. Report at 1–2. Harmon had previously disclosed Ms. Dobson-Wainwright's initial report, which did not discuss Harmon's admission status and had instead focused on damages from the incident. *Id.* at 8–10.

Now, Defendants move to strike the Dobson-Wainwright supplemental report and to exclude her related testimony from trial. Defs.' Mot. at 1. First, they argue that her report was disclosed too late under the court's scheduling order, which had required Harmon's expert disclosures to be completed by December 2023. Defs.' Mot. at 5; ECF No. 96 ("Scheduling Order"). Second, they argue that Harmon should not be allowed to use the testimony contained in the supplemental report under Fed. R. Civ. P. 37(c)(1) because the failure to disclose it in a timely manner was neither substantially justified nor harmless. Defs.' Mot. at 4–5; ECF No. 136 Def.'s Reply at 1–9. Harmon opposes this motion, arguing that the late disclosure was both justified and

harmless. ECF No. 135 ("Pl.'s Resp."). Both parties clarified their arguments and positions at a hearing on the motion. ECF No. 137.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(2)(D) requires parties to disclose expert reports "at the times and in the sequence that the court orders." If a party fails to make proper disclosures, Federal Rule of Civil Procedure 37(c)(1) restricts his ability to use "information or witness[es] to supply evidence . . . unless the failure was substantially justified or is harmless." When an expert witness's report is not properly disclosed and neither of Rule 37(c)(1)'s exceptions apply, the Rule prohibits the expert from testifying as to the report's content. *See, e.g.*, *Access 4 All Inc. v. Silver Oak Assocs., Ltd., LLP*, No. 21-CV-02974-NYW, 2022 WL 4547566, at *6 (D. Colo. Sept. 29, 2022); *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1171 (D. Colo. 2006); *Cohlmia v. Ardent Health Servs., LLC*, 254 F.R.D. 426, 433 (N.D. Okla. 2008).

The determination of whether a disclosure violation is sufficiently justified or harmless to avoid exclusion under Rule 37(c)(1) "is entrusted to the broad discretion of the district court." *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). "[T]he following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.*

## ANALYSIS

Defendants assert that Harmon failed to timely disclose the Dobson-Wainwright supplemental report under the court's scheduling order and Rule 26(a)(2)(D). Defs.' Mot. at 5–6. Harmon does not argue otherwise. *See generally* Pl.'s Resp. Thus, the only remaining question is

3

whether Harmon's untimely disclosure was sufficiently justified or harmless to avoid exclusion under Rule 37(c)(1).[1] The court answers this question through analyzing the *Woodworker's Supply* factors and, after doing so, ultimately concludes that exclusion under Rule 37(c)(1) is not required because the violation was sufficiently harmless.

The court starts with the first *Woodworker's Supply* factor, which requires it to consider "the prejudice or surprise" that Defendants face from the untimely disclosure. 170 F.3d at 993. The court is aware of no binding authority that directly settles what timeframe should be used for the prejudice-analysis and whether it should consider prejudice (1) at the time of the untimely disclosure, (2) at the time of Defendants' motion, or (3) at the time this order is being issued. A mistake that initially was harmless and easily correctable may become increasingly prejudicial as the options available to the parties and the court constrict over time.

With respect to prejudice, Defendants argue that the timing of the disclosure caused them to "lose the opportunity to explore Ms. Dobson-Wainwright's opinions more fully in a deposition (because discovery is closed)" and to retain their own responsive expert witness (because the time for disclosure of defense experts has closed)." Defs.' Mot. at 7. At the hearing, Defendants' counsel asserted that this theory of prejudice holds regardless of which timeframe is considered.

---

[1] Harmon also argues that "[Defendants'] motion to strike is actually a motion in limine [that] should be decided in conjunction with [Harmon's] motions in limine and *Daubert* objection, which overlap substantively with [Defendants'] motion." Pl.'s Resp. at 1, 4–5. The court is unpersuaded by this argument and thus considers Defendants' motion on the merits. First, Defendants raise a colorable argument that their motion is not a motion in limine. Defs.' Mot. at 10. Second, even if their motion is a motion in limine, the court can modify its existing trial order to the extent necessary to consider Defendants' motion. *Been v. O.K. Indus.*, Inc., 495 F.3d 1217, 1225 (10th Cir. 2007). The court finds it in the interest of justice to rule on this motion now to facilitate any required responsive discovery. Accordingly, it rejects this argument and considers the motion on its merits.

Defendants certainly are right that the inability to engage in responsive discovery may constitute prejudice. *See, e.g.*, *Wing v. Kaye Scholer, LLP*, No. 2:09-CV-371, 2010 WL 5020576, at *3 (D. Utah Dec. 3, 2010); *A. Alfwear Inc. v. IBKUL Corp.*, No. 2:21-CV-00698-DBB-DBP, 2025 WL 1370694, at *8 (D. Utah May 12, 2025). *See also Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (noting that disclosure requirements for expert witnesses exist in part so that parties can respond with "testimony from [their own] expert witnesses") (quoting Fed. R. Civ. P. 26(a)(2) advisory committee's note to 1993 amendment)). But this theory faces an obstacle because it is unclear that the late timing of the disclosure in fact prevented responsive discovery.

Here, a crucial fact is that Harmon's counsel indicated to Defendants that he would permit additional discovery connected to the supplemental report. Specifically, counsel "repeatedly consented in early May to permit Defendant to depose Ms. [Dobson-]Wainwright and/or to submit a counter-designation of a witness or expert." Pl.'s Resp. at 7. This offer put Defendants in a position to obtain all the responsive discovery they now claim they need. If Defendants had accepted the offer, the court almost surely would have approved the additional discovery.[2] And, if they had promptly accepted this offer, Defendants likely would have been able to complete the discovery without any need to delay the trial.[3] Although accepting this request certainly may have

---

[2] Defendants argue that this offer was "illusory" because additional discovery would have required court approval under Fed. R. Civ. P. 29(b). Defs.' Mot. at 7–8. But, with the consent of the parties, the court almost surely would have granted a request for limited discovery, especially when it could have been granted without delaying trial. Even now, the court is still willing to grant such a request, notwithstanding the need for a short delay.

[3] At the hearing, Defendants' counsel indicated that the additional discovery would likely take between two to three months. Defendants thus almost surely could have completed the additional discovery in the months between May 2025 and January 2026.

presented some inconvenience, it would have put Defendants in a substantially similar position to where they would have been had the supplemental report been timely disclosed.

If the relevant timeframe for the analysis is later, Defendants have a stronger argument for prejudice. For whatever reason, Defendants chose not to accept Harmon's offer and sought to exclude the supplemental report instead. Now, months later, the trial date is approaching, and responsive discovery may only be possible if there is a continuance of trial. Thus, even if Defendants can get all the discovery they seek, it may now come at the price of delaying resolution of the case and "upending a schedule[e] upon which the parties have relied and built their expectations." *Wing*, LEXIS 128772, at *5. While this prejudice should not be minimized, it is significantly less than the prejudice associated with proceeding without discovery. And here, this prejudice is not entirely attributable to the timing of the disclosure but instead is largely attributable to Defendants' own choices. Although Defendants were under no obligation to accept Harmon's offer, the dilemma they now face—of having to choose between discovery or a continuance—is largely a consequence of their own litigation strategy. Indeed, Defendants waited two months after receiving the supplemental report before bringing their motion to strike. Regardless of Defendants' actual intent, parties should not be incentivized to "willfully refuse a chance to cure the prejudice caused by an untimely disclosure in order to bolster [their] claim for exclusion." *Cornaby's LLC v. Carnet*, LLC, No. 2:14-CV-00462-JNP, 2017 WL 1437063, at *2 n.1 (D. Utah Apr. 21, 2017). *See also Gillum v. United States*, 309 F. App'x 267, 270 (10th Cir. 2009) (unpublished) ("The parties to a litigation are not merely players in a game, trying to catch each other out. Rather, litigation should promote the finding of the truth."). Here, Defendants had the chance to depose Ms. Dobson-Wainwright and designate responsive experts some nine months before the currently existing trial date. They may not intentionally eschew this opportunity because they prefer the

remedy of exclusion to curing any prejudice caused by the late disclosure. The court thus concludes that the prejudice is relatively low, regardless of which timeframe is used.[4]

Next, the court considers "the ability of [Defendants] to cure the prejudice." *Woodworker's Supply* 170 F.3d at 993. Again, there is an ambiguity about the relevant timeframe analyzing this factors. At the time Harmon initially made the untimely disclosure, almost all prejudice was curable because the court could have permitted responsive discovery without delaying trial. The main prejudice that Defendants cite—an alleged inability to engage in responsive discovery—is still curable now because the court is willing to permit the additional discovery. But, even after ameliorative measures, Defendants may face some prejudice due to a delay in the trial, though largely as a result of their own choices. Nevertheless, Defendants cite no particular facts suggesting that there will be substantial hardship from a delay.[5] For example, Defendants have not even argued that any evidence will be lost or any irreparable injury will occur if this case is continued for a short time. Therefore, any remaining prejudice is relatively small, especially when weighed against the loss that arises from excluding relevant evidence from the jury.

The third factor requires the court to consider "the extent to which introducing such testimony would disrupt the trial." *Woodworker's Supply*, F.3d at 993. Insofar as introducing the Dobson-Wainwright supplemental report may require delaying the trial date, there may be some

---

[4] In making this determination of minimal prejudice, the court relies on its willingness to permit Defendants to engage in additional discovery. If this willingness to permit additional discovery is excluded from the prejudice analysis, then Defendants may have a stronger argument for prejudice. But the court would reach the same conclusion because the prejudice is curable.

[5] In fact, the trial will likely be pushed back to the timeframe Defendants' counsel initially requested at an earlier scheduling conference, with a starting date in April 2026. And even now, the majority of the deadlines in the court's current trial order remain far out, further suggesting that a delay will not be disruptive. *See* ECF No. 138.

level of disruption. *See Precision Fabrics Grp., Inc. v. Tietex Int'l, Ltd.*, 297 F. Supp. 3d 547, 560 (D.S.C. 2018) (describing the disruption that can accompany a delay). But, as discussed earlier, this disruption is largely attributable to Defendants' own choice to reject Harmon's offer. And the parties raise no aggravating factors that would make a delay particularly disruptive. Trial disruption thus also appears to be relatively minimal.

Finally, the fourth factor involves considering "[Harmon's] bad faith or willfulness" in failing to provide a timely disclosure. *Woodworker's Supply*, 170 F.3d at 993. Defendants neither believe nor allege that Harmon "acted in bad faith." Defs.' Mot. at 9 n.1. But they do claim that the disclosure was "willful within the meaning of *Woodworker's Supply*" because it was sufficiently intentional. *Id.* at 9–10. In doing so, they rely on a Tenth Circuit opinion characterizing willfulness as "any intentional failure as distinguished from involuntary noncompliance." *Id.* at 9 (quoting *Gocolay v. New Mexico Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992)). *Gocolay* does not directly interpret the relevant *Woodworker's Supply* factor. 968 F.2d at 1021. But even under *Gocolay*'s broad interpretation of willfulness, the balance of factors still weighs against exclusion. In hindsight, Harmon should have unilaterally moved to modify the scheduling order to extend the deadlines for expert discovery when Defendants rejected his request to give them additional time to depose Ms. Dobson-Wainwright and designate a rebuttal witness. But denying the jury the opportunity to hear this information is an "extreme . . . sanction," not to be taken lightly. *Gillum*, 309 F. App'x at 270. In a case like this where any prejudice is almost all curable and any cure is minimally disruptive, exclusion is not warranted.

Thus, after carefully considering the *Woodworker's Supply* factors, the court determines that Harmon's disclosure violation is sufficiently harmless to avoid sanctions under Rule 37(c)(1).

**CONCLUSION AND ORDER**

For the reasons above, the court DENIES Defendants' motion to strike the Dobson-Wainwright supplemental report and exclude her related testimony from trial. To ameliorate any possible prejudice, the court ORDERS that expert discovery be extended for 90 days from the date of this order to give Defendants the opportunity to depose Ms. Dobson-Wainwright concerning her supplemental report and submit a rebuttal expert report. The court further STRIKES the final pretrial conference currently set for December 19, 2025, the eight-day jury trial currently set for January 7, 2026, and all deadlines in the operative trial order. The court will set a scheduling conference in the near future to set new dates.

DATED October 31, 2025

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge